Rudolph E. NELSON, Jr., Appellant,

v.

**FARMLAND'S EMPLOYEE RETIREMENT PLAN,** Appellee.

No. 86–1708.

United States Court of Appeals, Eighth Circuit.

Submitted March 9, 1987.

Decided May 4, 1987.

Robert G. Simmons, Jr., Scottsbluff, Neb., for appellant.

Christopher S. Shank, Kansas City, Mo., for appellee.

Before LAY, Chief Judge, JOHN R. GIBSON, Circuit Judge, and HANSON,* Senior District Judge.

HANSON, Senior District Judge.

Nelson appeals the decision of the district court, holding that Farmland's Employee Retirement Plan trustees were correct in their interpretation of the Plan's disability standard and that there was substantial medical evidence in the record to support the Committee's denial of benefits.

Nelson was injured in a propane fire on December 31, 1973 at the CRA Oil Refinery in Scottsbluff, Nebraska. He returned to work at the refinery in 1975 and resumed the operator's job he held prior to the accident. Three years later he changed jobs and became a tank truck loader at the plant. This job was not created for him and there were others employed in the same capacity. He was employed as a tank truck loader until the refinery closed on September 1, 1982. After the plant closed he unsuccessfully sought continued employment as a night watchman at the facility.

Farmland's Employment Retirement Plan provides that permanent disability benefits may be awarded only if the applicant is "totally and permanently disabled" as defined by Section 5.4(b) of the Plan:

A participant shall be deemed totally and permanently disabled if, on the basis of the medical evidence of his condition within six months of the last day worked satisfactory to the Retirement Committee he is found to be wholly prevented from engaging in any occupation for wage or profit * * * and he shall be deemed permanently disabled if, in the sole opinion of the Retirement Committee, he is likely to remain so disabled continuously and permanently.

*Id.*

After the accident Nelson returned to work and worked continuously until the refinery closed for economic reasons some seven years later. At the time he filed his application for disability benefits he was still working at the refinery. There was no change in his physical condition within the six months following termination of his employment on September 1, 1982.

The district court held that the trustee's interpretation of the Plan must be accepted unless it is arbitrary, capricious, or an abuse of discretion. In so holding, the court distinguished this case from the insurance policy context in which an insurance policy is interpreted against the insurer. Judge Urbom reasoned that a person in the position of an administrator of a plan for the benefit of the beneficiaries must be given a freer hand to interpret the plan than is the insurer interpreting an insurance policy.

The district court went on to hold that even if the insurance standard should be applied to this case, it is apparent that Nelson would not qualify for benefits. He worked for seven years after his accident as an operator and then as a tank truck loader. There is no evidence that he was "unable to perform the substantial and material acts of his business or his occupation in the usual way." The district court, therefore, correctly found that there was substantial medical evidence in the record supporting the Retirement Committee's conclusion that Nelson could engage in another occupation for wage or profit. We

---

* The HONORABLE WILLIAM C. HANSON, United States Senior District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

therefore affirm the decision of the district court. *See* 8th Cir.R. 14.